UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

M.S.M.,

        Petitioner,

v.

YOLANDA PITTMAN, et. al.,

        Respondents.

Civil Action No. 25-03982

**MEMORANDUM AND ORDER**

**<u>CECCHI, District Judge</u>**

      This matter is before the Court upon Petitioner M.S.M.'s petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). Also before this Court is a motion for a temporary restraining order and preliminary injunction. (ECF No. 3). Respondents have requested, via letter, (ECF No. 9), to respond to the petition and the motion in one single omnibus response. (*See* ECF No. 9, at 1).

      This Court has screened the petition for dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases – applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases – and determined that dismissal without an answer and production of the record is not warranted. The Court therefore concludes that it is appropriate for the petition to proceed. The Court will grant Respondents' request to answer the petition (ECF No. 1), and the motion for a temporary restraining order and preliminary injunction, (ECF No. 3), in a single omnibus response.

      The Court held a telephone conference with the parties on May 19th, 2025, during which the Court, in the interests of justice and for good cause shown, granted Respondents' request to answer the petition and the motion in a single omnibus filing. The Court also set the below briefing schedule in consultation with the parties.

Lastly, before the Court is a Motion for Leave to Appear *Pro Hac Vice* by attorney Thomas V. Matthew to represent Petitioner in this matter. (ECF No. 12).

A motion for admission *pro hac vice* is governed by Local Rule 101.1(c), which provides, in relevant part:

> (1) Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case. The motion shall contain a certified statement of the applicant disclosing each bar in which the applicant is a member in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar; … The motion shall also contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction.
>
> (2) The order of the Court granting a motion to appear pro hac vice shall require the out-of-state attorney to make a payment to the New Jersey Lawyers' Fund for Client Protection as provided by New Jersey Court Rule 1:28-2(a). This payment shall be made for any year in which the admitted attorney continues to represent a client in a matter pending in the Court.
>
> (3) The order of the Court granting a motion to appear pro hac vice shall require the out-of-state attorney to make a payment of $250.00 on each admission payable to the Clerk, USDC.
>
> (4) If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of this Court upon whom all notices, orders and pleadings may be served, and who shall promptly notify his or her specially admitted associate of their receipt. Only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. A lawyer admitted *pro hac vice* is deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

Here, Thomas V. Matthew, Esq. – who is seeking admission *pro hac vice* – has submitted a motion through local counsel of record, Adam Mandelsberg, that contains a certified statement that comports with Local Civil Rule 101.1(c). Indeed, Mr. Matthew affirms that he was admitted as a member of the bar of the State of New York; that he is a member in good standing; that no disciplinary proceedings are pending against him; that no discipline had been imposed on him; and that he shall make the requisite payments to the New Jersey Lawyer's Fund for Client Protection. (ECF No. 12-2).[1] Accordingly, Mr. Matthew will be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Civil Rule 101.1(c).

**IT IS** therefore on this 19th day of May 2025,

**ORDERED** that the Clerk shall serve a copy of the habeas petition (ECF No. 1), and this memorandum and order on Respondents by regular U.S. mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk shall forward a copy of the petition (ECF No. 1) and this memorandum and order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

**ORDERED** that within 21 days of the entry of this memorandum and order, by June 9, 2025, Respondents shall file and serve a response which responds to the allegations and grounds in the habeas petition, which includes all affirmative defenses Respondents seek to invoke. In the same filing, which shall be limited to 50 pages, Respondents shall include their response to Petitioner's motion for a temporary restraining order and preliminary injunction; it is further

---

[1] The Court notes that, pursuant to Local Civil Rule 101.1(c)(3), the out-of-state attorney – in this case, Mr. Matthew – is required to pay to the Clerk of the Court $250.00, not $150.00 as he mentions in his declaration. (*See* ECF No. 12-2, at 2).

**ORDERED** that Respondents shall file and serve with the response certified copies of all documents necessary to resolve Petitioner's claims and affirmative defenses; and it is further

**ORDERED** that within 14 days thereafter, by June 23, 2025, Petitioner may file his responsive papers, which shall be limited to 35 pages; it is further

**ORDERED** that, in the event the Respondents file a motion to dismiss in lieu of a full answer, that their motion shall be filed and served within 21 days of the date of the entry of this memorandum and order, by June 9, 2025; that Petitioner shall have 14 days thereafter to file and serve his responsive papers to the motion to dismiss, by June 23, 2025; and that Respondents shall have 15 days thereafter to reply, limited to 20 pages, to the responsive papers, by July 8, 2025; it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondents shall electronically file a written notice of the same with the Clerk; it is further

**ORDERED** that Thomas V. Matthew, Esq., a member in good standing of the bar of the state of New York, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Adam Mandelsberg, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Memorandum and Order; it is further

**ORDERED** that unless previously paid for in the current calendar year, Thomas V. Matthew shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in

accordance with L. Civ. R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Memorandum and Order, enclosing with payment a completed Form PHV-15, which can be found at njcourtsonline.com; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Thomas V. Matthew shall make a payment of $250.00 to the Clerk, United States District Court, within twenty (20) days from the date of the entry of this Memorandum and Order; it is further

**ORDERED** that Thomas V. Matthew shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civ. R. 103.1, Judicial Ethics and Professional Responsibility, and Local Rule 104.1, Discipline of Attorneys; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(4), Thomas V. Matthew shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended; it is further

**ORDERED** that local counsel, Adam Mandelsberg, may file a request, the form of which is available at the Court's website, with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter; and it is finally ordered

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

*/s/ Claire C. Cecchi*

**HON. CLAIRE C. CECCHI**
United States District Judge